# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2017.

_____

No. 3D17-727
Lower Tribunal No. 14-16359

_____

**T.H., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Law Offices of Roger Ally, P.A., and Roger Ally, for appellant.

Karla Perkins, for appellee Deparment of Children and Families; Laura J. Lee (Sanford), for appellee Guardian ad Litem Program.

Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

ON CONFESSION OF ERROR

T.H., the Father, appeals a final judgment terminating his parental rights. The trial court entered an implied consent against T.H. when he failed to appear at a January 27, 2017 adjudicatory hearing. The Department and guardian ad litem concede that this court should reverse and remand for a hearing on the Department's petition to terminate the Father's parental rights. We agree.

In November 2016, the Department filed a petition alleging several grounds to terminate the parental rights of both the Father and Mother. At the outset of the January 2017 trial on the Department's petition as to both parents, the Department moved for a continuance. The Mother joined in the request for continuance, and the trial court granted the motions. After the continuance was granted, the Department asked the trial court to enter a default against the Father because the Father had notice of the hearing but failed to appear. The trial court entered an implied consent against the Father. The Father later filed a motion to vacate the implied consent which was heard by the trial court in March 2017.

At the March hearing on the Father's motion to vacate, the Father testified that he had been hospitalized on the day of the January hearing. Nevertheless, the trial court concluded that the Father failed to present a meritorious defense and it denied the Father's motion. This appeal followed.

Section 39.801(3)(d), Florida Statutes (2016), authorizes constructive or implied consent in termination cases, but "courts should ordinarily refrain from

2

determining a termination of parental rights by default when an absent parent makes a reasonable effort to be present at a hearing but is prevented or delayed by circumstances beyond the parent's control." T.L.D. v. Dep't of Children & Family Servs., 883 So. 2d 910, 914-15 (Fla. 2d DCA 2004). Indeed, "Florida public policy favors an adjudication on the merits over the entry of a default, and thus a properly filed motion to vacate a consent by default should be liberally granted." Id. at 915. Such public policy "is particularly implicated in cases involving a parent's fundamental right to the care, custody, and control of a child." Id.

In ruling on a motion to vacate a default termination of parental rights, a trial court must determine whether the movant acted with due diligence, demonstrated excusable neglect, and demonstrated the existence of a meritorious defense. Id. at 914; see also E.S. v. Dep't of Children & Family Servs., 878 So. 2d 493, 496 (Fla. 3d DCA 2004).

Here, the trial court concluded that the motion to vacate must be denied because the Father failed to present a meritorious defense. But based on the unique circumstances of this case, where the Department asked for a continuance of the adjudicatory hearing, the Father was hospitalized at the time of the hearing, and the Father presented argument as to each ground for termination, we conclude that the trial court erred in denying the motion to vacate.

Reversed and remanded.